Piper, J.
(dissenting). The petitioner-appellant, widow of the deceased, filed a notice of election pursuant to the provisions of section 18 of the Decedent Estate Law dated July 21, 1949. Before any determination had been made as to her right of election, she also petitioned the Surrogate’s Court to have it adjudged that certain bank accounts and certain United States bonds in the name of the decedent and other persons are the property of the decedent’s estate and that such other persons have no interest therein.
Counsel for the petitioner and counsel for the executor, the executor and the other interested parties entered into a stipulation that all the issues raised by the notice of election, the petition of the widow and the title to certain property formerly owned by the decedent be tried together before the Acting Surrogate and all parties waived service of citation and consented to the joint proceeding.
At the hearing a stipulation of facts was entered into as to the various bank accounts and bonds, also that decedent was of sound mind until his death and that decedent and petitioner had *511 lived separate and apart since the execution of a separation agreement on January 18,1926. The separation agreement was also received in evidence and the testimony of various witnesses taken.
It would appear that only the question of the widow’s right of election was before the Acting Surrogate, unless it could be held that the stipulation gave him jurisdiction of the other issues. In any event, it is clear that if she is not entitled to elect against the will, she is not an interested party and could not maintain the other proceeding in reference to the bank accounts and bonds; and it is equally clear that the title to the real estate could not be determined in this proceeding. Consequently we take up the question of her right of election.
In his decision, the Acting Surrogate has found that the terms of the separation agreement were not sufficiently definite to deny her that right. He cites from Corpus Juris Secundum (Vol. 26, Descent and Distribution, § 58, subd. b, p. 1075), the following: “ However, the rights of inheritance in the property of the husband or wife are not to be denied the surviving spouse on account of a separation agreement, unless the purpose to exclude him or her is expressed or clearly inferable, and then no further than the agreement clearly requires. ’ ’
We think the quoted provision is a correct statement of the rule. We look to the provisions of the agreement to determine whether or not the widow released all her rights in her husband’s estate.
The instrument is in the usual form as to the covenants of the parties to live separate and apart and retaining to each of the parties the right to institute an action for divorce. But instead of providing for periodical payments by the husband to the wife for her support, it provides for a lump sum payment by him to her, in consideration of which payment she released him “ from any and all obligations arising out of the marriage status for her support and maintenance or otherwise ”, and then follows this provision: “ The second party hereto in consideration of the foregoing does further and hereby expressly release and relinquish unto the said first party, any and all right, title or interest of every kind, name and nature, she may have, hold or own, in and to any property of his, both real and personal, and in and to any property, both real and personal, which he, the said first party, may or might acquire in the future.”
After the above-quoted paragraph, there is a further provision in reference to the wife creating any claims or debts against the husband, after which we have the following: 11 And *512 the said party of the second part further promises, covenants and agrees that she will upon request enter into and execute any and all further written instruments, releases or other paper-writings, which may or might become proper and necessary to be executed, and having to do with or affecting the interests, property, property-rights, and estate of the first party, her said husband, provided however, that such instrument or instruments, or such act on her part, shall in no wise injure or jeopardize, the provisions herein made for the said party of the second part. ’ ’
It will be noted that this agreement was drawn and executed several years prior to the enactment of the provisions of the Decedent Estate Law, giving a widow the right of election (L. 1929, ch. 229), and neither the parties nor the scrivener of the agreement could have had in mind the change in the law which took effect in 1930. We think the question to be decided is whether or not the agreement when executed was effective to release all the rights the petitioner-appellant would have had in the estate of her husband had his death occurred prior to September 1,1930; for if it accomplished that purpose the Legislature was without power to enact a statute invalidating the contract.
Prior to September 1, 1930, a widow was entitled to receive from her husband’s estate certain personal property, commonly called “widow’s exemptions ” and a dower right in any real estate her husband owned at the time of his death or had conveyed at any time prior thereto unless she had joined in the conveyance, or by any other instrument had released' her right of dower.
By the first above-quoted paragraph petitioner-appellant unquestionably released “ all right title and interest ” to any property her husband had as of the date of the agreement or “ might acquire in the future.” By the second above-quoted paragraph, she covenanted that she would upon request “ enter into and execute * * * releases or other paper writings, which may or might become proper and necessary to be executed, and having to do with or affecting the interests, property, property-rights, and estate of the first party, her said husband ”, (Emphasis supplied.) We read these two paragraphs together as clearly indicating the intention of the parties was that the petitioner-appellant agreed to make no claim against her husband’s property during his lifetime, or against his estate in case she survived him. We think any other construction would make meaningless the words “ estate of the first party.” It *513 follows that the agreement would have effectively barred the petitioner from asserting any claim to dower or widow’s exemptions, had her husband died prior to September 1, 1930, the date when the change (L. 1929, ch. 229) in the Decedent Estate Law, giving a widow a right of election against her husband’s will, took effect.
We reach the conclusion that the decree should be reversed and the matter should be remitted to the Acting Surrogate to enter a decree determining that the petitioner-appellant is not entitled to elect against the will of her husband by reason of the provisions of the separation agreement, and as she has no interest in the estate, the proceedings in relation to the bank accounts, bonds and real estate dismissed.
In arriving at this determination, we have assumed that the parties have agreed that the separation agreement, when entered into by petitioner-appellant and deceased on January 18,1926, was binding on both parties and continued in full force and effect to the time of decedent’s death.
All concur with Kimball, J., except Piper, J., who dissents and votes for reversal of that part of the decree which determines that the widow has a right of election and holds that the other proceedings taken were not before the court, in an opinion in which Vaughan, J., concurs. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.
The second, seventh, eighth, ninth, and tenth ordering paragraphs of the decree reversed on the law and facts, and otherwise decree affirmed, without costs of this appeal to any party, and matter remitted to the Surrogate’s Court to enter a decree in accordance with the opinion.